King, J.
This is a petition filed to reverse the judgment of the court of common pleas, rendered upon a motion filed in that court to correct a journal entry of a judgment before that time rendered in the court. The motion was based upon the errors, neglect and omission of the clerk of the court, and was filed in the court of common pleas September 6, 1895, and sets forth that the plaintiff, The Stillwell, Bierce, Smith & Yaile Company, for itself and all other creditors of the North Baltimore Furniture Company, and ' all the defendants except Sylvanus W. Nye and Nettie Adams, move the *42 court to set aside the journal entry of judgment, decree and order entered herein on the 26th day of February, 1895, at page 35 of Journal 36, of this court, or to modify the same so as to make the same conform to the judgment, decree and order as actually pronounced and ordered by the court, as shown by the minutes of the court on the trial docket and otherwise by the record herein; and they say that said journal entry of said judgment, order and decree is different from and does not conform to said order, judgment and decree as actually pronounced and ordered by the court, and that the errors therein arose from the errors, neglect and omissions of the clerk of the court in failing to properly and correctly enter the same.
It will be seen that it does not designate what the trouble was with the journal entry, or what the omission or neglect of the clerk was, or in what respect it was claimed the entry should be corrected and changed. The motion was filed under section 5354 of the Revised Statutes, which provides that the court may vacate or modify its own judgment or order after the term at which the same was made, and the third paragraph of that section is “for mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order.”
This was filed under that section, and for that purpose. In section 5357 it is provided that the proceeding to correct the mistakes or omissions of the clerk or irregularity in obtaining a judgment or order, shall be by motion upon reasonable notice to the adverse party or his attorney; and by section 5363 it is provided that a proceeding to correct such a judgment under that section shall be commenced within three years after the mistake was made. It is then provided it shall be made by motion, and that it shall be upon reasonable notice to the adverse party. Section 5123 provides that the notice of a motion shall be in writing; that it shall contain the names of the parties to the action, *43 the name of the court .of judge before whom it is to be made, the place where and the day on which it will be heard, the nature and terms of the order or orders to be applied for, and if affidavits are to be used on the hearing, that fact shall be stated, and the notice shall be served a reasonable time before the hearing.
In the motion which I have read, the only parties who are named are The Stllwell, Bierce, Smith & Vaile Company v. The North Baltimore Furniture Company, and it is set forth in the body of the motion that it is on behalf of all the parties except Sylvanus W. Nye and Nettie Adams.
It may be assumed from the reading of that motion that Sylvanus W. Nye was a party to the action somewhere, though he is not named as such. It is also provided by section 5124 that the notice required for such a motion— and that would mean the motion in this case — may be served by the sheriff, coroner or constable or by a disinterested person, and the return of an officer or affidavit of such pel son shall be proof of the service.
Section 5125 provides that the service of a notice shall be made as required for the service of a summons, and when served by an officer he shall be entitled to fees, “etc.” WheD this motion was filed no notice was served upon anybody that it had been filed or would be thereafter. Sometime afterwards, on the 16th day of November, 1895, there was served notice upon S. W. Nye, who is the plaintiff in error here, by Frank Taylor, who has made affidavit of such service upon the back of the notice, and who signed it himself as attorney of Stillwell, Bierce, Smith & Vaile Company in the motion.
The notice in itself notifies Mr. Nye to take notice that on the 2nd day of December the plaintiff, on behalf of all other creditors of the North Baltimore Furniture Company, will move the court to set aside the entry of judgment, decree and order entered in said cause on February 26, 1895, *44 or to so modify the same as to make it conform to the judgment and decree actually pronounced and ordered by the court, as shown by the minutes of the court on the trial docket, and otherwise by the record therein, and especially so modify it as to make the judgment against Mr. Nye $1,800.00 instead of $1,000.00 as it read in the original judgment and" decree, for the reason that the journal entry of said judgment, order and decree is different from and does not conform to said order and decree as actually pronounced, and that the difference arose in an error of the clerk in failing to correctly and properly enter the same.
I have read enough of the statute to indicate that there was no proper motion for the correction of the judgment, and that no proper notice was ever served by a proper officer or a disinterested person upon the party to be affected thereby-
Now, that was clearly irregular. That notice' conferred no jurisdiction whatever upon the court of common pleas to change the decree rendered at the previous February term, and unless something occurred after that, the court obtained no jurisdiction.
More than that, the difficulty with this judgment of correction is that if the party to be affected thereby did not in fact actually appear in court and enter his appearance to this motion, it will affect the validity of that judgment whenever and wherever it shall be sought to be enforced, because you can always attack a judgment on the ground that the court acquired no jurisdiction.
Therefore, I say this judgment is not worth a great deal if the party to be affected thereby did not actually appear in court and enter his appearance; but when the proceeding came on to be heard there is this journal entry, and it is this journal entry and judgment that this petitioner now seeks to reverse.
*45 No bill of exceptions was taken at the trial to show whether any evidence was heard on this motion, and therefore we don’t know upon what the court acted. Of the subject matter of the proceeding the court had jurisdiction, and if the parties were properly before the court, it would have jurisdiction of them, and upon proper evidence it might have made the correction.
The journal entry begins as follows:
“Stillwell, Bierce, Smith & Yaile Company v. “The North Baltimore Furniture Company.
“This day came the parties with their attorneys, and this cause was heard upon the motion of plaintiff and others filed herein on September 6, 1895, to set aside the journal entry of judgment and decree and order entered herein on the 2th day of February, 1895, at page 75 of Journal 86 of this court, or to so modify the same so as to make it conform to the judgment, decree and order as actually pronounced and ordered by the court. And it being made to appear that through error, omission and neglect of the clerk, said entry fails to conform to the judgment, decree and order of the court as actually made, and as announced, the same is modified and shall stand and read as follows, to-wit:’’
And then follows the journal entry as corrected, and it changes a judgment of $1,000.00 against him to $1,800.00.
The entry recites that the said parties with their attorneys came, and this cause was heard, and it was made to appear to the court that through the error, omission and neglect of the clerk this error had gotten into the journal entry, and therefore ought to be corrected.
Now, that recitation stands there as the judgment of the court, and prima facie established the fact that the plaintiff in error was present at the hearing of this motion; and upon the proceeding in error to reverse that order, in the absence of any testimony whatever in the case, we are powerless to change the judgment of the court of common pleas.
Dodge & Canary, attorneys for plaintiff.
Frank Taylor, attorney for defendant.
We cannot reverse it because the entry, as it stands, shows the fact that the plaintiff in error was present in court on the hearing of this motion.
It has no higher validity than that as a judgment, but on a proceeding in error, in the absence of any testimony, we cannot attack it.
Whether a petition in error might have been filed raising the question whether the plaintiff in error was present or not, we do not undertake to decide; but as I said before, the judgment, if the plaintiff was not in fact present, does not bind him, but we are powerless to act under the circumstances here presented.
We are' therefore compelled to affirm the judgment of the court of common pleas, though, as I have said, the record shows all of these irregularities.